**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISICPLINE OF
THOMAS M. FRONCZEK, BAR NO.
11380.

No. 68062 **FILED**

SEP 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Thomas M. Fronczek. Under the agreement, Fronczek admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding non-lawyer assistants), RPC 5.5 (unauthorized practice of law), and RPC 8.1(b) (bar admission and disciplinary matters).

The agreement provides for a two-year-and-six-month suspension with two years suspended and six months actual suspension. Additionally, the following conditions are imposed: (1)(a) if a screening panel determines that Fronczek engaged in professional misconduct after the execution of the plea, and violated any of the same rules he admitted to in this plea, the screening panel shall vote the matter for a formal hearing, and (b) if a hearing panel makes findings that Fronczek engaged

SUPREME COURT
OF
NEVAOA

(O) 1947A

15-28345

in professional misconduct after the execution of the plea, and violated any of the same rules that he admitted to in this plea, the hearing panel shall recommend to the Supreme Court the imposition of the stayed suspension, along with any additional sanction that may be warranted in the new matter(s); (2) Fronczek shall pay restitution to the persons named in the conditional plea agreement for a total of $113,980; (3) Fronczek shall pay the costs of the disciplinary proceeding, excluding Bar Counsel and staff salaries, within 30 days of receipt of the State Bar's bill of costs; (4) Fronczek shall timely pay any final civil judgment issued against him with regard to the events and circumstances pleaded to in paragraphs 36 through 41 of the conditional plea agreement; (5) if Fronczek should leave the public sector and choose to return to private practice, he must notify the State Bar and obtain a mentor, approved by the State Bar, who will mentor him for a period of one year; and (6) Fronczek shall take four additional CLE classes in the area of ethics and/or law practice management.

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a two-year-and-six-month suspension, with two years stayed and six months actual suspension, commencing on the date this order is filed. Additionally, Fronczek must comply with all of the conditions in the plea

agreement, as outlined above. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Chair, Southern Nevada Disciplinary Board
        William B. Terry, Chartered
        Bar Counsel, State Bar of Nevada
        Kimberly Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, United States Supreme Court